IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JOE L. BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-0014-CV-W-ODS |
| | ) | |
| DEUTSCHE BANK TRUST COMPANY | ) | |
| AMERICAS and WELLS FARGO | ) | |
| BANK, N.A., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER AND OPINION GRANTING DEFENDANTS' MOTION TO DISMISS

Pending is Defendants' Motion to Dismiss for Failure to State a Claim. The Court has reviewed the parties' arguments and the Record, and now grants the motion.

I. BACKGROUND

In reviewing a Motion to Dismiss filed pursuant to Rule 12(b)(6), the Court is limited to considering the Complaint's factual allegations and any materials attached to or necessarily embraced by the Complaint. E.g., Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003). The Court may also consider matters of public record. E.g., Miller v. Redwood Toxicology Laboratory, Inc., 688 F.3d 928, 931 (8th Cir. 2012). Those allegations and materials demonstrate that in 2006 Plaintiff executed a $200,000 promissory note ("the Note") in favor of Wachovia Mortgage Corporation ("Wachovia"); the Note was secured by a Deed of Trust on a piece of real property ("the Property"). The Deed of Trust named Robert Meckfessel as Trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. In April 2009 MERS assigned the beneficial interest in the Deed of Trust to Wachovia. Sometime before June 2011 Wells Fargo Bank, N.A. ("Wells Fargo") became the successor by merger to Wachovia, and in June 2011 Wells Fargo assigned the Deed of Trust to Deutsche Bank in its capacity as Trustee for a trust of mortgages securitizing mortgage-backed investments

("Deutsche Bank"). In August 2013, Deutsche Bank appointed the Substitute Transfer Corporation ("STC") as Successor Trustee, and in September 2013 STC instituted a foreclosure sale as permitted by the Deed of Trust. A Successor Trustee's Deed was issued to Deutsche Bank. All of these transactions are reflected in documents recorded with the Jackson County Recorder of Deeds. The Note – which is the focal point of Plaintiff's suit and thus may be examined for purposes of resolving Defendants' motion – reflects that it was endorsed by Wachovia to Residential Funding Company, LLC, and then by Residential Funding Company, LLC to Deutsche Bank as trustee. Thus, Deutsche Bank (as trustee) owns the Note.

The heart of Plaintiff's Complaint[1] is his allegation that the trust containing the assets securitizing the mortgage-backed investments (and for which Deutsche Bank was the trustee) lacked the authority to buy the Note. More specifically, he alleges the Pooling and Servicing Agreement ("PSA") governing the trust specified that any loans it purchased had to be purchased by February 27, 2007. Complaint, ¶¶ 15, 17-20. He theorizes that the purchase of his Note was ineffective because it did not occur before February 27, 2007, so the subsequent foreclosure was void. Plaintiff further alleges the transactions subsequent to his were not properly recorded or were made without his approval. Complaint, ¶¶ 23, 25, 37.

The Complaint sets forth five counts, which are not numbered consecutively. Some of the counts are comprised of multiple causes of action or requests for relief. Specifically:

- Count I seeks an order declaring all filings after the Note was created are a nullity, that the Deed of Trust is a nullity, and quieting title in Plaintiff in fee simple with no encumbrances or liens.

- Count II (the first one) seeks declarations that (1) neither Defendant is a holder in due course, (2) Plaintiff does not owe any debts to Defendants, and (3) the Deed of Trust is void.

---

[1]Plaintiff instituted this suit in state court when he filed his Petition on October 16, 2014, but the Court will utilize the nomenclature used in federal court. It should also be noted that while Plaintiff's counsel was permitted to withdraw on February 3, 2015, and Plaintiff is now proceeding pro se, he was not pro se when the case was filed.

2

- Count II (the second one) asserts claims for wrongful foreclosure, wrongful eviction, conversion of instrument and unjust enrichment.
- Count IV (the first one) asserts claims for breach of fiduciary duty and unjust enrichment.
- Count IV (the second one) asserts a claim under the Missouri Merchandising Practices Act.

## II.  DISCUSSION

The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." Stodghill v. Wellston School Dist., 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). A claim is facially plausible if it allows the reasonable inference that the defendant is liable for the conduct alleged. E.g., Horras v. American Capital Strategies, Ltd., 729 F.3d 798, 801 (8th Cir. 2013).

Plaintiffs' claims all stem from a single premise: that assignment of the Note to Deutsche Bank was void because it occurred after the PSA permitted the trust to obtain new assets. Therefore, Deutsche Bank could not have the ability to collect funds or enforce the Deed of Trust. Plaintiff's argument is simply incorrect. "A judicial consensus has developed holding that a borrower lacks standing to (1) challenge the validity of a mortgage securitization or (2) request a judicial determination that a loan assignment is invalid due to noncompliance with a pooling and servicing agreement." Schwend v. U.S. Bank, N.A., 2013 WL 686592, at *3 (E.D. Mo. 2013) (quotation omitted).[2] The rationale employed by these courts is that the borrower on the underlying loan is not a party to the PSA so the borrower lacks standing to complain that the PSA was not followed. Moreover, any such violation of the PSA – assuming one occurred – would not change the fact that the trust owns the note and has the right to enforce the deed of trust. The parties to the PSA could conceivably pursue a claim that the trust should not have purchased the asset, but it would not change the fact that the trust actually did so.

Plaintiff responds to these argument generally by contending he can assert his claims if he can prove that the assignments were fraudulent. Not only does he lack any legal support for his contention, but he does not allege or describe the purported fraud. All Plaintiff does is reiterate his views regarding the legality of the transfers and appends

---

[2]Other courts comprising this judicial consensus include (but by no means are limited to): *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 86-87 (2d Cir. 2014); *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013); *Wright v. Deutsche Bank Nat'l Trust Co.*, No. 12-5120-CV-SW-GAF, slip op. at 8 (W.D. Mo. Sept. 23, 2013); *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 871 F. Supp. 2d 834, 842 (D. Minn.); *aff'd*, 704 F.3d 545 (8th Cir.); *cert. denied*, 134 S. Ct. 72 (2013); *Metcalf v. Deutsche Bank Nat. Trust Co.,* 2012 WL 2399369, at *4 (N.D. Tex. 2012); *In Re Walker,* 466 B.R. 271, 284–85 nn. 28–29 (Bankr. E.D. Pa. 2012); *Deerinck v. Heritage Plaza Mortg. Inc.*, 2012 WL 1085520, at *5 & n.10 (E.D. Cal. 2012); *Edwards v. Ocwen Loan Servicing, LLC*, 2012 WL 844396, at *5 (E.D. Tex. 2012).

4

the adjective "fraudulent."  This does not provide his claims with any legal footing.  Plaintiff also recites the names of a series of court decisions (few of which involve Missouri law) but has not explained the legal principles that purportedly apply to his claims.  The Court's independent review of Plaintiff's authorities also fails to reveal any basis for concluding his claims are legally viable.[3]  One of the few Missouri authorities Plaintiff cites – and the one he seems to rely on the most – stands for the proposition that the actions of a loan servicer are "in connection with" the sale of merchandise such that a loan servicer's actions might give rise to a cause of action under the Missouri Merchandising Practices Act.  However, the servicer's actions in that case – the alleged failure to apply fire insurance proceeds to the loan balance and subsequent foreclosure based on the mortgagor's resulting delinquency – are a far cry from the actions alleged in this case.  Conway v. CitiMortgage, Inc., 438 S.W.2d 410 (Mo. 2014) (en banc).

      Plaintiff's response to the motion to dismiss does not rely on his allegations regarding his lack of consent to the transactions following the original mortgage – which is just as well as there was no legal requirement that Plaintiff tender approval to make any of the transfers valid.  Finally, to whatever extent Plaintiff relies on a theory that the Note and Deed of Trust were split, this theory depends on the previously-discussed argument regarding the validity of Deutsche Bank's acquisition of the Note; for the reasons previously discussed, such an argument fails as a matter of law.

---

[3] For instance, Plaintiff cites to *In re Mortgage Electronic Registration Systems, Inc.*, 754 F.3d 772 (9th Cir. 2014), a decision by the Ninth Circuit reviewing the dismissal by a district court of suits challenging MERS's operations.  The district court was the transferee court ruling in a multitude of cases transferred by the Judicial Panel on Multidistrict Litigation.  The Ninth Circuit reversed the dismissal of claims predicated on Arizona's false documents statute and affirmed the dismissal of claims for (1) wrongful disclosure, aiding and abetting wrongful foreclosure, and aiding and abetting predatory lending, all predicated on Arizona, California, and Nevada law, and (2) violation of Nevada's statute governing non-judicial forfeitures.  Plaintiff does not explain how any portion of the Ninth Circuit's ruling helps him with his claims under Missouri law.  Similarly, *Slorp v. Lerner, Sampson, and Rothfuss*, 587 Fed. Appx. 249 (6th Cir. 2014), upheld the dismissal of the plaintiff's state law claims, all of which were predicated on Ohio law.

III.  CONCLUSON

The Motion to Dismiss (Doc. # 7) is granted.


IT IS SO ORDERED.


                                            /s/ Ortrie D. Smith
                                            ORTRIE D. SMITH, SENIOR JUDGE
DATE: March 11, 2015               UNITED STATES DISTRICT COURT