IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JOE L. BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-0014-CV-W-ODS |
| | ) | |
| DEUTSCHE BANK TRUST COMPANY | ) | |
| AMERICAS and WELLS FARGO | ) | |
| BANK, N.A., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER AND OPINION DENYING MOITON TO SET ASIDE ORDER OF DISMISSAL

On March 11, 2015 the Court granted Defendants' Motion to Dismiss for Failure to State a Claim. Pending is Plaintiff's Motion to Set Aside Order of Dismissal, which is denied.

As explained in the Court's March 11 Order, in 2006 Plaintiff executed a $200,000 promissory note ("the Note") in favor of Wachovia Mortgage Corporation ("Wachovia"); the Note was secured by a Deed of Trust on a piece of real property ("the Property"). The Deed of Trust named Robert Meckfessel as Trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. In April 2009 MERS assigned the beneficial interest in the Deed of Trust to Wachovia. Sometime before June 2011 Wells Fargo Bank, N.A. ("Wells Fargo") became the successor by merger to Wachovia, and in June 2011 Wells Fargo assigned the Deed of Trust to Deutsche Bank in its capacity as Trustee for a trust of mortgages securitizing mortgage-backed investments ("Deutsche Bank"). In August 2013, Deutsche Bank appointed the Substitute Transfer Corporation ("STC") as Successor Trustee, and in September 2013 STC instituted a foreclosure sale as permitted by the Deed of Trust. A Successor Trustee's Deed was issued to Deutsche Bank. All of these transactions are reflected in documents recorded with the Jackson County Recorder of Deeds. The Note – which is the focal point of Plaintiff's suit and thus may be examined for purposes of resolving Defendants' motion – reflects that it was endorsed by Wachovia to Residential Funding

Company, LLC, and then by Residential Funding Company, LLC to Deutsche Bank as trustee. Thus, Deutsche Bank (as trustee) owns the Note.

Plaintiff's suit seeks a multitude of orders setting aside or altering these transactions, declaring him to be the owner of the property, and awarding him damages. Plaintiffs' claims all stem from a single premise: that assignment of the Note to Deutsche Bank was void because it occurred after the Pooling and Servicing Agreement ("PSA") permitted the trust to obtain new assets. Therefore, Deutsche Bank could not have the ability to collect funds or enforce the Deed of Trust. The Court found Plaintiff's theory to be legally invalid because he was not a party to the PSA and thus could not utilize it to invalidate the securitization trust's acquisition of the Note and Deed of Trust.

In seeking reconsideration, Plaintiff presents arguments predicated on Article III of the Constitution to challenge Defendant's standing to enforce the debt. In so doing, Plaintiff conflates unrelated concepts to reach an erroneous conclusion. Plaintiff is entitled to ascertain who he owes the debt to; but he cannot rely upon the PSA to nullify his contractual obligations. Plaintiff insists he is not seeking to enforce the PSA, but this argument is sophistry: he is relying on alleged violations of the PSA to obtain relief, and this he cannot do.

Plaintiff also reiterates his general allegations regarding the legality of the transfers. As the Court stated previously, "[t]his does not provide his claims with any legal footing." Plaintiff has not set forth the basis for any theory entitling him to relief.

The Motion for To Set Aside Order of Dismissal (Doc. # 17) is denied.


IT IS SO ORDERED.


/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: May 22, 2015        UNITED STATES DISTRICT COURT

2